Case 1:16-cv-00566-LTB   Document 5   Filed 03/14/16   USDC Colorado   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00566-GPG

THOMAS DERK,

    Applicant,

v.

STEVE GREEN, Warden of Rifle Correctional Center,
RICK RAEMISCH, Director of the Colorado Department of Corrections, and
CYNTHIA H. COFFMAN, the Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

---

    Applicant, Thomas Derk, is in the custody of the Colorado Department of Corrections at the Correctional Center in Rifle, Colorado. He has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Derk has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Applicant liberally because Mr. Derk is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Derk will be directed to file an Amended Application if he wishes to proceed in this action.

    In the Application, Mr. Derk asserts that he was convicted in October 2011 of felony stalking and harassment causing severe emotional distress, as well as two related misdemeanor charges, in Weld County District Court Case Number 2010CR1873. (ECF

No. 1 at 3).  He was sentenced to a four-year prison term, and three years of mandatory parole.  (*Id.*). Although Mr. Derk attaches to his Application copies of several pleadings and documents relevant to his state court proceedings (ECF No. 1 at 9-30), he does not assert any specific claims for relief in the body of the Application.

The § 2254 Application is deficient because it fails to comply with Fed.R.Civ.P. 8. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed.R.Civ.P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed.R.Civ.P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."  It is not the duty of this Court or the Respondents to sift through numerous attachments to determine what claims the Applicant is asserting.

Mr. Derk is reminded that federal habeas corpus relief is available only if he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Accordingly, it is

ORDERED that Mr. Derk file, **within thirty days from the date of this Order**, an

Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, **on the court-approved form**, that complies with the directives in this Order.   It is

FURTHER ORDERED that the Clerk of the Court shall mail to Applicant a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.   It is

FURTHER ORDERED that if Mr. Derk fails, within the time allowed, to file an Amended Application on the court-approved form, in compliance with the directives of this Order, the action will be dismissed without prejudice and without further notice.

DATED March 11, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge